**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jose Carlos Guerrero Torres,             )<br>                                                      )<br>                    Plaintiff,            )<br>                                                      )<br>vs.                                               )<br>                                                      )<br>Carolyn W. Colvin, Acting              )<br>Commissioner of Social Security   )<br>Administration,                              )<br>                                                      )<br>                    Defendant.          )<br>_____)  | No. CV-13-2300-PHX-LOA<br><br>**ORDER** |

This appeal comes before the Court on the Plaintiff's Response to Order to Show Good Cause and Request for Extension of Service of Process. (Doc. 16) The Commissioner has not responded to Plaintiff's Response or appeared in this action.

In his Response to the OSC, Plaintiff's counsel informs the Court that the original attorney on this case unexpectedly left his employment with the law firm of Snow, Carpio & Weekley, PLC at the end of last December just after the Amended Complaint was filed. (*Id.*) Another attorney was to take over the former attorney's Social Security practice, but she was not yet licensed or registered in the District Court. As a stop-gap, Mr. Carpio stepped in as the attorney of record on the case, but was not initially involved with the case. When the service of process was due, the attorney who planned on taking over this Social Security appeal had emergency surgery and a contract attorney was called in to assist with this load. This resulted in the case being served six days late. (*Id.* at 2)

Plaintiff filed his complaint on November 11, 2013, appealing the Commissioner's adverse ruling at the administrative level of his claim for Social Security disability benefits.

1  (Doc. 1) After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court ordered
2  Plaintiff to file an amended complaint because it failed to state a claim upon which relief
3  could be granted. *See Duryea v. Social Sec. Admin.*, 2012 WL 1983344, at *3 (D. Ariz. June
4  4, 2012) (citing *Hinton v. Social Sec. Admin.*, 2011 WL 3489663, at *1 (D. Ariz. Aug. 9,
5  2011); *Rhett v. New Jersey State Sup. Ct.*, 260 Fed. Appx. 513 (3rd Cir. 2008). (Doc. 6 at 2)
6  The complaint did not identify with specificity the legal errors made by the ALJ or Appeals
7  Council. Plaintiff filed the amended complaint on December 9, 2013. (Doc. 8) Plaintiff
8  represents he served the Commissioner with the amended complaint "[o]n March 17, 2014
9  - six days after the 120 days expired on March 11, 2014." (Doc. 16 at 1, Exhibits ("Exhs.")
10 1 and 2)

11  The filing of an amended complaint does not restart the 120-day service period
12 against a defendant named in the original complaint under Rule 4(m), Fed.R.Civ.P. *See*
13 *Bivins v. Ryan*, 2013 WL 321847, at *1 (D. Ariz. Jan. 28, 2013) (citing, *e.g.*, *Bolden v. City*
14 *of Topeka, Kansas*, 441 F.3d 1129, 1148 (10th Cir. 2006) (the 120-day period provided by
15 Rule 4(m) is not restarted by the filing of an amended complaint except as to those
16 defendants newly added in the amended complaint" ) (emphasis added); *McGuckin v. United*
17 *States*, 918 F.2d 811, 813 (9th Cir. 2006).

18  A district court has broad discretion in deciding whether to extend time for service
19 of process. *U.S. v. 164 Watches, More or Less Bearing on Registered Trademark of Guess?*
20 *Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).
21 A district court may, for instance, extend time for service retroactively after the 120-day
22 service period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).
23 If the court does not find good cause to extend time for service as contemplated under Rule
24 4(m), a court may extend time for service upon a showing of excusable neglect. *Lemoge v.*
25 *U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *In re Sheehan*, 253 F.3d 507, 512-14 (9th
26 Cir. 2001)). Factors to consider in the exercise of that wide discretion are, *inter alia*, whether
27 the defendant suffered no prejudice in the delay of service and would the plaintiff be
28 severely prejudiced if his complaint were dismissed. *Id.* (quoting *Boudette v. Barnette*, 923

1  F.2d 754, 756 (9th Cir. 1991)).

2  The Court finds that excusable neglect resulted in Plaintiff's failure to serve the Commissioner within 120 days after the complaint was filed. The Court will grant the Plaintiff's motion and retroactively extend the service deadline to March 17, 2014. The Court does not address whether Plaintiff has properly served the Commissioner or opine when the Commissioner's appearance in this appeal is required. *See* Rules 4(i), 12(a)(2), Fed.R.Civ.P. Plaintiff and his counsel, however, are forewarned that, due to the age of this appeal, compliance with the Court's Social Security Scheduling Order will be strictly enforced.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's request for an Extension of Service of Process, doc. 16, is **GRANTED**. Plaintiff's time to properly serve the Commissioner with process is hereby extended, *nunc pro tunc*, to March 17, 2014.

Dated this 13th day of June, 2014.

Lawrence O. Anderson
United States Magistrate Judge