**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jose Carlos Guerrero Torres,

Plaintiff,

vs.

Carolyn W. Colvin, Acting Commissioner of Social Security Administration,

Defendant.

No. CV-13-2300-PHX-LOA

**ORDER**

This Social Security appeal is again before the Court on the Plaintiff's Motion to Allow Plaintiff to Proceed with Claim. (Doc. 20) Despite acknowledging that he has not fully complied with the service requirements on the "United States" pursuant to Rule 4(i), Plaintiff invites the Court "[t]o allow the case to move forward on its merits and direct Defendants to file their Answer. (*Id.* at 2) Despite established authority to the contrary, Plaintiff has not provided the Court with any case law or other authority that a district court may disregard Rule 4's formalities for service of process when an unserved defendant purportedly has actual notice of an action or appeal.[1] The Court declines Plaintiff's invitation

[1] *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, *by formal process*." (emphasis added); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Neither actual notice, nor simply naming the person in the caption of the complaint will subject defendant[ ] to personal jurisdiction if service was not made in substantial compliance with Rule 4."). "Service of process (in the absence of a voluntary appearance or a conscious waiver) is an indispensable prerequisite to the court's jurisdiction to proceed." *Liao v.*

to disregard the formalities of service, but will generously construe Plaintiff's motion as requesting another extension of time to effectuate valid service. (Doc. 16) The Commissioner of the Social Security Administration ("SSA") has not appeared in this District Court matter to date.[2]

**I. Background**

Plaintiff filed a complaint on November 11, 2013, appealing the Commissioner's adverse ruling at the administrative level of his claim for Social Security disability benefits. (Doc. 1) Plaintiff requested *in forma pauperis* status so he could proceed without prepaying a filing fee or service-of-process costs. (Doc. 2) After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court ordered Plaintiff to file an amended complaint because it failed to state a claim upon which relief could be granted. (Doc. 6) Plaintiff consented to magistrate-judge jurisdiction on December 3, 2013, and filed a timely amended complaint on December 9, 2013. (Docs. 7-8) Upon his counsel's request that Plaintiff be responsible for service of the summons and complaint, which is contrary to Rule 4(c)(3), Fed.R.Civ.P., the Court ordered that Plaintiff be responsible for service of process on the Commissioner. (Doc. 9)

After issuing a Rule 16 scheduling order, the Court ordered Plaintiff to take certain actions, on or before May 30, 2014, or this appeal would be dismissed without prejudice for lack of prosecution or failure to serve process within 120 days per Rule 4(m) without further notice.(Doc. 15) In a prompt response to the Court's May 19, 2014 Order to Show Cause, Plaintiff moved for an extension of time to serve process, explaining various challenges several attorneys encountered in representing Plaintiff and attempting to timely serve process. (Doc. 16) Plaintiff requested a 6-day extension of time to serve process, representing these challenges resulted in the "Defendants" being served with the amended complaint

---

*Ashcroft*, 2009 WL 636191 (N.D. Cal. March 11, 2009) (citing *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967)).

[2] Plaintiff's counsel appears to use the terms "United States" and "Commissioner" synonymously.

"[o]n March 17, 2014 - six days after the 120 days expired on March 11, 2014." (*Id.* at 1, Exhs. 1 and 2). The Court found that "excusable neglect resulted in Plaintiff's failure to serve the Commissioner within 120 days after the complaint was filed." (Doc. 17 at 3) The Court granted Plaintiff an extension to serve the Commissioner and retroactively extended the service-of-process deadline to March 17, 2014, the date Plaintiff's counsel requested. (*Id.*) In its Order, the Court did not express an opinion whether Plaintiff had lawfully served the Commissioner pursuant to Rule 4(i), Fed.R.Civ.P.

On July 3, 2014, Plaintiff filed the pending motion, indicating that Plaintiff served the Office of General Counsel and the United States Attorney General on March 17 and March 25, 2014, respectively. (Doc. 20 at 1) He indicates that "[u]nfortunately, summons were (sic) not issued to the civil process clerk at the Attorney General's office by mistake." (*Id.*) Plaintiff represents the "Attorney General's" office in Phoenix was notified of the case by phone call on May 19, 2014, and that "[t]wo out of three of the agencies have been served and the Attorney General's office in Phoenix is well aware of the case[, but] [t]he Attorney General's Office has indicated to Plaintiff's attorneys that they will not waive the final service of process." (*Id.* at 2) According to Plaintiff, "[d]elaying the case further or dismissing the case would harm only Plaintiff . . . Therefore, we ask the Court to allow the case to move forward on its merits and direct Defendants to file their Answer." (*Id.*)

**II. Service of Process**

**A. Generally**

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted); *see also S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (citations omitted). "Indeed, 'the purpose of service is to give the defendant notice of the institution of the proceedings.'" *Sweeney v. Darricarrere*, 2009 WL 2132696, at *4 (D. Ariz. July 14, 2009) (quoting Charles A. Wright

& Arthur R. Miller, *Federal Practice and Procedure*, Civil 3d § 1094 at 511). "However, Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir. 1988) (citation and internal quotation marks omitted). "Nonetheless, without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* (citation and internal quotation marks omitted).

**B. Extensions of Time to Serve Process**

Federal Rule of Civil Procedure 4(m) provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made within the 120 day period. The 120-day rule "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Townsel v. Contra Costa Cnty*., 820 F.2d 319, 320 (9th Cir. 1987).

An appeal to a district court from an adverse ruling on a Social Security benefits claim may be dismissed for failure to properly serve the Commissioner. *See White v. Commissioner of Social Sec*., 2014 WL 1027523 (E.D. Cal. March 17, 2014); *Bodner v. Colvin*, 2014 WL 1577477 (D. Nev. April 17, 2014); *Synnestvedt v. Astrue*, 2010 WL 125649 (W.D. Okla. Jan. 7, 2010). Where service is made properly on the United States Attorney, but the complaint names the organization of the United States being sued instead of the United States, service is still proper upon the United States. *Doe v. Hagee*, 473 F.Supp.2d 989 (N.D. Cal. 2007).

A district court has broad discretion in deciding whether to extend the time for service of process. *U.S. v. 164 Watches, More or Less Bearing on Registered Trademark of Guess? Inc*., 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). A district court may, for instance, extend time for service retroactively after the 120-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). If the court does not find good cause to extend time for service as contemplated under

Rule 4(m), a court may nevertheless extend the time for service upon a showing of excusable neglect. *Lemoge v. U .S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *In re Sheehan*, 253 F.3d at 512-14). Factors to consider in the exercise of that wide discretion are, *inter alia*, whether the defendant has suffered prejudice in the delay of service and would the plaintiff be severely prejudiced if his complaint were dismissed. *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

**C. Service on the United States or its Agencies**

Federal Rule of Civil Procedure 4(i) dictates how a plaintiff effectuates service upon the United States and its agencies, corporations, officers, or employees. Under Rule 4(i)(1), Fed.R.Civ.P., a party must first deliver copies of the summons and complaint to the United States Attorney for the district where the action is brought (or to an Assistant United States Attorney or designated clerical employee), or send copies of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office. *See* Rule 4(i)(1)(A)(i)-(ii), Fed.R.Civ.P. A party must also send copies of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Fed.R.Civ.P. 4(i)(1)(B).

Importantly for this case, in order to serve a United States agency, like the Social Security Administration, or the SSA's Commissioner if sued in her official capacity, original process must be served upon the agency or employee if a named defendant by (1) serving the United States pursuant to Fed.R.Civ.P. 4(i)(1)(A),(B); and (2) sending a copy of the summons and complaint by registered or certified mail to the federal agency or employee named as a defendant. *See* Rule 4(i)(2),[3] Fed.R.Civ.P.; *Salas v. Dyer*, 2011 WL 1158570, at

---

[3] Federal Rule of Civil Procedure 4(i)(2) provides as follows:

> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States [in the manner prescribed in Rule 4(i)(1)] and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

*3 (D. Ariz. March 10, 2011), report and recommendation adopted by 2011 WL 1156749 (D. Ariz. March 29, 2011).

Contrary to Plaintiff's apparent belief, the United States cannot waive service of process. *See Constien v. U.S.*, 628 F.3d 1207, 1213 (10th Cir. 2010) (citing Rule 4, advisory committee's note, 1993 Amendments) ("The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice."), *cert. denied*, *Constien v. U.S.*, 131 S.Ct. 2884 (2011). The Federal Rules also provide a "cure provision." Rule 4(i)(4), Fed.R.Civ.P., states that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." 4(i)(4), Fed.R.Civ.P.; *Wright v. Colvin*, 2014 WL 325647 (D. Neb. Jan. 29, 2014).

**III. Discussion**

Here, Plaintiff appears to be attempting to serve the United States, a non-party, rather than the SSA's Commissioner, the only party-defendant sued herein in her official capacity. *See* Rule 4(i)(2), Fed.R.Civ.P.

The Court finds that excusable neglect resulted in Plaintiff's failure to serve the Commissioner by the extended service-of-process deadline of March 17, 2014, the date Plaintiff's counsel misrepresented, likely inadvertently, the Commissioner was lawfully served. Clearly, Plaintiff's counsel is inexperienced with the federal rules for service and the Court will not prejudice Plaintiff for his lawyer's inadequacies at this time. The Court discerns the Commissioner will suffer no prejudice if the Court allows one final extension. Moreover, if the Court dismisses this appeal without prejudice, Plaintiff's appeal will likely be time-barred, if re-filed.

The Court will retroactively extend the service deadline to Friday, August 15, 2014 to properly serve the Commissioner. Plaintiff and his counsel are forewarned that, due to the

---

Rule 4(i)(2), Fed.R.Civ.P.

age of this appeal, Plaintiff's failure to lawfully serve the Commissioner by the August 15, 2014 deadline, will result in the dismissal of this appeal. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Allow Plaintiff to Proceed with Claim, doc. 20, is **DENIED**. In the interest of justice and pursuant to Rule 4(i)(4), Fed.R.Civ.P., the Court hereby extends the time to properly serve the Commissioner with process from March 17, 2014, *nunc pro tunc*, to **Friday, August 15, 2014**, a reasonable time to complete service**.** There shall not be any additional extensions to properly serve the Commissioner with process. Plaintiff's failure to properly serve the Commissioner by the August 15, 2014 will result in the dismissal of this appeal.

Dated this 30th day of July, 2014.

Lawrence O. Anderson
United States Magistrate Judge